UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

WILLIAM T. POWERS, JR.,

                Plaintiff,                        **COMPLAINT**

    - against -

PICSOLVE, INC.,                                   **JURY TRIAL DEMANDED**

                Defendant.

------------------------------------------------------------------x

Plaintiff WILLIAM T. POWERS, JR., by his undersigned attorneys, alleges for his complaint against defendant as follows:

## INTRODUCTION

1. This is an action (1) to recover unpaid overtime wages and related relief brought by a former employee of defendant pursuant to Section 16 of the Fair Labor Standards Act of 1938 ("FLSA") (29 U.S.C. § 216) and Sections 198 and 663 of the New York Labor Law ("Labor Law") and related regulations issued by the New York State Department of Labor, including 12 NYCRR § 142-2.2; and (2) for wrongful, discriminatory termination on the basis of age brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 623 and 626, the New York State Human Rights Law (Executive Law §§ 296 and 297(9)) and the New York City Human Rights Law (N.Y.C. Admin. Code §§ 8-107(1) and 8-502(a).

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction over claims involving a federal question of law, 29 U.S.C. § 216(b) and 29 U.S.C. § 626(c). Supplemental jurisdiction over the New York state and local law claims exists pursuant to 28 U.S.C. § 1367.

3. This action is brought in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2). Defendant resides in this District and a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

4. On July 2, 2018, plaintiff filed a complaint alleging age discrimination with the U.S. Equal Employment Opportunity Commission. The EEOC charge number is 520-2018-02887.

5. More than sixty days has passed since plaintiff filed his administrative complaint of discrimination with the EEOC.

## PARTIES

6. Plaintiff William T. Powers, Jr. ("Powers") was employed by defendant as a field service technician or "field service engineer" from June 2012 to March 21, 2018. He resides in Long Beach, New York.

7. At all relevant times, Powers was an employee within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1); Sections 190(2) and 651(5) of the Labor Law; and Section 11(f) of the ADEA, 29 U.S.C. § 630(f).

8. Upon information and belief, defendant Picsolve, Inc. ("Picsolve") is a Florida corporation with headquarters offices located at 6220 Hazeltine National Drive, Suite 110, Orlando, Florida 32822.

9. Picsolve operates a business that provides photography and video services to amusement parks, theme parks, water parks, tourist attractions and other entertainment venues and locations, to customers located in numerous different states and countries.

10. At all times relevant to this action, defendant was an employer of plaintiff within the meaning of Sections 190(3) and 651(6) of the New York Labor Law and Section 3(d) of the FLSA, 29 U.S.C. § 203(d); and Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

11. At all relevant times, Picsolve had (i) an annual gross volume of sales or business of no less than $500,000 and (ii) employees engaged in commerce or in the production of goods for commerce, or who handled, sold or otherwise worked on goods or materials that were moved in or produced for commerce.

12. At all times relevant to this action, Picsolve was an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

13. At all times relevant to this action, Picsolve had twenty or more employees.

14. At the time of his termination of employment by defendant, plaintiff was sixty-two years old.

## FACTS

15. Plaintiff was employed by defendant from June 2012 to March 21, 2018.

16. Plaintiff was referred to by defendant as a field service engineer or field service

technician while employed by defendant.

17. Plaintiff's primary job duties while employed by defendant consisted of diagnosis, repair, installation and maintenance of Picsolve photographic and related electronic, lighting and computer systems, equipment and infrastructure located at various sites, including in Manhattan, other parts of New York City and New York State, and other states, primarily in the Northeast, including Connecticut and Pennsylvania. Plaintiff's duties also included providing technical assistance and customer support to Picsolve customers in person at customer locations or by telephone, as a help desk worker.

18. Plaintiff worked mainly from his home. His most frequent work location outside of his home was was at Madame Tussauds, in Manhattan, where he generally worked one to three days per week, where he performed regular maintenance and other work on Picsolve equipment, systems and infrastructure. When he was not working at home or at Madame Tussauds, he worked at other locations where Picsolve equipment, systems and infrastructure were in use or being installed, in New York State, in other states, and, on occasion, in other countries, including Canada.

19. During the period of October 2012 to July 2016, plaintiff typically (*i.e.,* most weeks) worked an average of approximately 13 hours per week of overtime hours. Some weeks, he worked significantly more hours than that, such as the weeks of January 11 to January 17, 2016, December 14 to December 20, 2015, November 16 to November 22, 2015, and November 9 to November 15, 2015 (when he worked an estimated fifty-one hours of overtime per week); and the weeks of January 4 to January 10, 2016, June 8 to June 14, 2015, and April 27 to May 3, 2015 (when he worked an estimated twenty hours of overtime per week). Plaintiff estimates that he worked approximately

2,700 hours of unpaid overtime hours during the six year period preceding the filing of this complaint.

20. During the period of October 2012 to July 2016, plaintiff was never paid for any hours he worked in excess of forty hours in a work week. Instead, he was paid a regular week amount or salary of $1,059.69 per week (from October 2012 to February 2014) or $1,079.48 per week (from March 2014 to July 2016).

21. Beginning in or around July or August 2016, defendant began to pay plaintiff an hourly wage rate, instead of a fixed weekly rate, and began to pay him overtime wages for hours he worked in excess of forty hours in a work week.

22. During the period of October 2012 to July 2016, plaintiff was not paid for any overtime hours he worked (*i.e.*, hours worked in excess of forty hours in a work week).

23. During the period of October 2012 to July 2016, defendant did not maintain records of the hours worked by plaintiff.

24. The pay stubs or regular wage statements provided to plaintiff while employed by defendant during the period of October 2012 to July 2016 did not accurately state the actual number of hours worked by him during the pay periods in question and often did not indicate any number at all for the number of hours worked by him. His pay stubs during this period of time also failed to state his regular and/or overtime hourly rates of pay and failed to list defendant's phone number.

25. Plaintiff estimates that he that she is owed approximately $106,000 to $107,000 in unpaid overtime wages by defendant, although the actual amount owed could be more.

26. Plaintiff was, at all times, a non-exempt employee as that term is defined for

purposes of the Fair Labor Standards Act and N.Y. Labor Law. His primary duty or duties consisted, at all times, of non-exempt work.

27. Defendant failed to provide plaintiff with a written notice providing all of the information required by N.Y. Labor Law § 195(1)(a) within ten business days of his hiring or at any time thereafter.

21. At all relevant times, defendant was aware that non-exempt employees are required by federal and/or state law to be paid one and one-half their regular rate of pay for hours worked in excess of forty hours in a work week.

22. Defendant's failure to pay overtime wages to plaintiff was willful, as that term is defined for purposes of FLSA and the Labor Law.

23. Plaintiff was sixty-two years old at the time he was terminated by defendant, on March 21, 2018.

24. At the time of his termination by defendant, plaintiff was the oldest field service engineer employed by Picsolve.

25. At the time of his termination by defendant, all of the other field service technicians employed by Picsolve were in their twenties or thirties.

26. No other field service technicians were terminated by defendant at or around the same time that plaintiff was terminated.

27. After plaintiff's termination by defendant, the duties that had previously been performed by plaintiff were performed by persons who were significantly younger than plaintiff.

28. Defendant was aware that state and/or federal law prohibited discrimination in employment on the basis of age at the time that it terminated plaintiff.

29. Defendant's decision to terminate plaintiff was motivated, in whole or in part, on the basis of his age.

30. Defendant terminated plaintiff because of his age, which was a "but for" reason for his termination.

31. Defendant's discriminatory discharge of plaintiff of the basis of his age was willful.

## FIRST CAUSE OF ACTION: FEDERAL OVERTIME WAGE VIOLATIONS

32  Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

33. Defendant has violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay plaintiff one-and-one-half times his regular rate of pay for each hour he worked in excess of 40 hours during a work week.

34. Defendant's failure to pay plaintiff for the overtime hours he worked was not done in good faith and not based on a reasonable belief that its payroll practices complied with the law but was, instead, willful or done with a reckless disregard for its lawfulness.

35. Defendant is liable to plaintiff in the amount of the unpaid overtime compensation he should have been paid during the three year period immediately preceding the commencement of this action , plus an equal amount in liquidated damages, plus reasonable attorney's fees and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: NEW YORK STATE OVERTIME VIOLATIONS

36. Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs as if fully set forth herein.

37. Defendant has violated the New York Labor Law and 12 NYCRR § 142-2.2 by failing to pay plaintiff one-and-one-half times his regular rate of pay for each hour he worked in excess of 40 hours during a work week.

38. Pursuant to Labor Law §§ 198 and 663, defendant is liable to plaintiff in the amount of the unpaid overtime compensation he should have been paid during the six year period immediately preceding the commencement of this action, plus an equal amount in liquidated damages, pre-judgment interest on the unpaid overtime wages owed, reasonable attorney's fees and the costs of this action.

**THIRD CAUSE OF ACTION: VIOLATION OF N.Y. LABOR LAW § 195(1)**

39. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

41. Plaintiff was not provided with the notice required by Labor Law § 195(1)(a) within ten days business days of his first day of employment or at any time thereafter.

42. Pursuant to Labor Law § 198(1-b), plaintiff is entitled to damages of $50 for defendant's failure to provide the notice required by § 195(a)(1) within ten days of his commencement of employment, plus an additional $50 per day for each work day that the violation continued, up to the statutory maximum total of $5,000, plus reasonable attorney's fees and the costs of this action. Plaintiff is therefore entitled to damages of $5,000, plus reasonable attorney's fees and costs, for defendant's failure to comply with Labor Law § 195(1)(a).

## FOURTH CAUSE OF ACTION: VIOLATION OF N.Y. LABOR LAW § 195(3)

43. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

44. During most of the period that plaintiff was employed by defendant, he was not provided with a regular pay statement with his pay that complied with the requirements of Labor Law § 195(3). More specifically, the pay statements plaintiff was provided usually failed to accurately state the actual number of hours he had worked during the work weeks covered by the pay period in question, failed to state his regular and overtime hourly rates of pay, and failed to provide Picsolve's telephone number.

45. Pursuant to Labor Law 198(1-d), plaintiff is entitled to damages of $250 for each violation of § 195(3) that occurred, plus an additional $250 per work day for each work day any such violation continued, up to the statutory maximum amount of $5,000, plus reasonable attorney's fees and the costs of this action. Plaintiff is therefore entitled to damages of $5,000, plus reasonable attorney's fees and costs, for defendant's failure to comply with Labor Law § 195(3).

## FIFTH CAUSE OF ACTION: VIOLATION OF THE ADEA

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

47. Plaintiff's age was a but for reason for his termination by defendant.

48. By terminating plaintiff because of his age, defendant has violated plaintiff's rights under the ADEA, 29 U.S.C. § 623(a)(1)

**SIXTH CAUSE OF ACTION: VIOLATION OF THE N.Y. HUMAN RIGHTS LAW**

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

50. Plaintiff's age was a motivating factor for defendant's decision to terminate him.

51. By terminating plaintiff, at least in part, because of his age, defendant has violated plaintiff's rights under the New York State Human Rights Law, Executive Law §§ 296(1)(a).

**SEVENTH CAUSE OF ACTION: VIOLATION OF THE N.Y.C. HUMAN RIGHTS LAW**

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

53. Plaintiff's age was a motivating factor for defendant's decision to terminate him.

54. By terminating plaintiff, at least in part, because of his age, defendant has violated plaintiff's rights under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107(1).

**TRIAL BY JURY**

Plaintiff requests a trial by jury on all claims asserted herein.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that a judgment be granted as follows:

1. Awarding plaintiff the overtime wages he is due under the FLSA and N.Y. Labor Law for all of the hours he worked in excess of forty hours in a work week for which he was not paid;

2. Awarding plaintiff $5,000 for defendants' violation of N.Y. Labor Law § 195(1)(a).

3. Awarding plaintiff $5,000 for defendant's violation of N.Y. Labor Law § 195(3).

4. Awarding plaintiff liquidated damages under the FLSA and N.Y. Labor Law in an amount equal to the overtime wages determined to be owed to him;

5. Awarding plaintiff pre-judgment interest on the overtime wages owed to him;

6. Awarding plaintiff back pay and benefits and front pay and benefits on his discriminatory discharge claims;

7. Awarding plaintiff liquidated damages on the back pay and back benefits awarded to him pursuant to the ADEA;

8. Awarding plaintiff pre-judgment interest on the back pay awarded to him on his discriminatory discharge claims;

9. Awarding plaintiff an amount equal to the additional taxes he will be required to pay on the amount of back and front pay and benefits awarded to him on his discriminatory discharge claims than he would have paid had he not been discharged and received these sums incrementally over time rather than in a lump sum.

10. Awarding plaintiff compensatory damages, including emotional distress damages, under the N.Y. Human Rights Law and N.Y.C. Human Rights law on his discriminatory discharge claims brought pursuant to those statutes;

11. Awarding plaintiff punitive damages under the N.Y.C. Human Rights law on his discriminatory discharge claim brought under that statute;

12. Awarding plaintiff the costs of this action, including reasonable attorney's fees; and

13. Awarding plaintiff post-judgment interest on all amounts awarded to him;

14. Awarding plaintiff such other relief as this Court deems just and proper.

Dated: November 14, 2018

>LICHTEN & BRIGHT, P.C.
>Attorneys for Plaintiff
>
>By: _____
>Daniel R. Bright (DB-9373)
>387 Park Avenue South, 5th Floor
>New York, New York 10016
>(646) 588-4871